UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ARTHUR WOODS**            **CIVIL ACTION**

**VERSUS**            **No. 21-1196**

**SEWERAGE & WATER BOARD**            **SECTION I**
**OF NEW ORLEANS**

### ORDER & REASONS

Before the Court is a motion[1] by defendant Sewerage and Water Board of New Orleans ("the Sewerage and Water Board" or "the Board") to dismiss *pro se* plaintiff Arthur Woods's ("Woods") amended complaint for failure to state a claim or, in the alternative, motion for a more definite statement. For the reasons that follow, the Court will grant the motion for a more definite statement.

### I.

Woods commenced the instant action on June 21, 2021, alleging, among other things, racism and sexual harassment at his workplace, the Sewerage and Water Board. After the Board filed a motion[2] to dismiss for failure to state a claim or for a more definite statement, Woods sought leave of Court to file an amended complaint.[3] The Court permitted Woods to file an amended complaint and therefore denied as moot the Board's motion to dismiss.[4] Woods's amended complaint[5] was filed into the

---

[1] R. Doc. No. 17.
[2] R. Doc. No. 11.
[3] R. Doc. No. 14.
[4] R. Doc. No. 15.
[5] R. Doc. No. 16.

record, and the Board responded by filing the present motion to dismiss or, in the alternative, motion for a more definite statement. The motion was submitted on December 8, 2021, and Woods has filed no opposition to date.

## II.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule demands "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation omitted) (internal quotation marks omitted). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation omitted) (internal quotation marks omitted). It "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotations omitted).

Federal Rule of Civil Procedure 12(e) states, in pertinent part, that "[a] party may move for a more definite statement of a pleading to which a responsive pleading

is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." The motion must be made prior to filing a responsive pleading and "must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). A court should only grant a motion for more definite statement when the complaint is "so excessively vague and ambiguous to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Phillips v. ABB Combustion Eng'g, Inc.*, No. 13-594, 2013 WL 3155224, at *2 (E.D. La. June 19, 2013) (Feldman, J.); *accord Koerner v. Vigilant Ins. Co.*, No. 16-13319, 2016 WL 4728902, at *1 (E.D. La. Sept. 12, 2016) (Africk, J.). "If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." Fed. R. Civ. P. 12(e).

Woods's amended complaint and accompanying exhibits, totaling 254 pages, are exceedingly difficult to understand. Interspersed throughout the pleadings are various documents—such as emails, disciplinary records, and workplace policy statements—presented in a seemingly random sequence and typically without explanation as to their relevance. Woods repeatedly makes generalized and conclusory allegations of racism, bigotry, nepotism, sexual harassment, hostile environment, and retaliation against the Board throughout the complaint and exhibits. However, conclusory allegations alone are insufficient to state a claim. *Whitley,* 726 F.3d at 638. The plaintiff's complaint must be supported by sufficient factual allegations. While the complaint recounts various occurrences in Woods's

workplace, the alleged facts are presented in such a disjointed and incoherent manner that it would be exceptionally difficult for the defendant to attempt to answer his complaint.

Although the Court has already provided plaintiff with the opportunity to amend his original complaint, the Court will provide plaintiff with a second opportunity to do so. Accordingly,

**IT IS ORDERED** that the motion for a more definite statement is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint that provides a more definite statement of his claims **no later than FEBRUARY 9, 2022**. If plaintiff fails to timely file an amended complaint, the Court will dismiss this action and enter judgment in favor of the defendant.

**IT IS FURTHER ORDERED** that the motion to dismiss is **DENIED**.

New Orleans, Louisiana, January 19, 2022.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**