UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ARTHUR WOODS** | **CIVIL ACTION** |
| **VERSUS** | **No. 21-1196** |
| **SEWERAGE & WATER BOARD OF NEW ORLEANS** | **SECTION I** |

## ORDER & REASONS

Before the Court is a motion[1] filed by defendant Sewerage and Water Board of New Orleans ("the Sewerage and Water Board" or "the Board") to dismiss, pursuant to Rule 12(b)(6), *pro se* plaintiff Arthur Woods's ("Woods") second amended complaint. The motion has been submitted, and Woods has filed no opposition to date. For the reasons that follow, the Court will grant the motion.

### I. BACKGROUND

Woods filed the above-captioned action on June 21, 2021, alleging, among other things, racism and sexual harassment at his workplace, the Sewerage and Water Board. After the Board filed a motion[2] to dismiss for failure to state a claim or for a more definite statement, Woods sought leave of Court to file an amended complaint.[3] The Court permitted Woods to file an amended complaint and therefore denied as moot the Board's motion to dismiss.[4] Woods's amended complaint[5] was filed into the

---

[1] R. Doc. No. 26.
[2] R. Doc. No. 11.
[3] R. Doc. No. 14.
[4] R. Doc. No. 15.
[5] R. Doc. No. 16.

record and contained similar allegations to the original complaint. The Board responded by filing the second motion to dismiss or, in the alternative, motion for a more definite statement.[6] The Court granted the motion for a more definite statement.[7] Plaintiff filed a second amended complaint that contained similar allegations to the two previous complaints.[8] Defendant then filed the instant motion to dismiss for failure to state a claim.[9]

## II. STANDARD OF LAW

### A. Rule 12(b)(6)

Pursuant to Rule 12(b)(6), a district court may dismiss a complaint or part of a complaint when a plaintiff fails to set forth well-pleaded factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 570). If the well-pleaded factual allegations "do not permit the court to infer more than the mere possibility of misconduct," then

---

[6] R. Doc. No. 17.
[7] R. Doc. No. 20.
[8] R. Doc. No. 23.
[9] R. Doc. No. 26.

2

"the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).

In assessing the complaint, a court must accept all well-pleaded facts as true and construe all factual allegations in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010). However, courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)). Furthermore, "the Court must typically limit itself to the contents of the pleadings, including attachments thereto." *Admins. of the Tulane Educ. Fund v. Biomeasure, Inc.*, No. 08-5096, 2011 WL 4352299, at *3 (E.D. La. Sept. 16, 2011) (Vance, J.) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.' " *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986) (alteration in original)).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Accordingly, the Court "hold[s] *pro se* plaintiffs to a more lenient standard than lawyers when analyzing complaints." *Chhim v. Univ. of Texas at Austin*, 836

F.3d 467, 469 (5th Cir. 2016). Nevertheless, "*pro se* plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Id.*

## B. Rule 41(b)

"Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for, *inter alia,* 'failure of the plaintiff . . . to comply with these rules or any order of court.'" *Jumonville v. Dep't of Treasury*, 50 F.3d 1033, 1995 WL 136507, at *1 (5th Cir. 1995) (per curiam) (quoting Fed. R. Civ. P. 41(b)). District courts have the inherent authority to dismiss an action under Rule 41(b) *sua sponte. See, e.g.*, *McZeal v. J.P. Morgan Chase Bank, NA*, No. 13-6754, 2014 WL 3166715, at *2 (E.D. La. July 7, 2014) (Duval, J.) (citing *Chevalier v. David Wade Corr. Ctr. Sec.,* 2014 WL 769297 (W.D. La. Feb. 26, 2014)).

A court's decision to dismiss under Rule 41(b) is reviewed for abuse of discretion. *Jumonville*, 1995 WL 136507, at *1 (citing *Salinas v. Sun Oil Co.,* 819 F.2d 105, 106 (5th Cir. 1987)). However, "dismissals *with prejudice* will be affirmed only upon a showing of 'a clear record of delay or contumacious conduct by the plaintiff, . . . and where lesser sanctions would not serve the best interest of justice.'" *Id.* (quoting *Salinas,* 819 F.2d at 106) (emphasis in original); *accord Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015) (per curiam) (citing *Bryson v. United States,* 553 F.3d 402, 404 (5th Cir. 2008); *Coleman v. Sweetin,* 745 F.3d 756, 766 (5th Cir. 2014)).

4

### III.    LAW AND ANALYSIS

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).[10] In addition, Rule 8(d)(1) provides that "each allegation must be simple, concise, and direct." The complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 346 (2005) (internal quotations omitted). Rule 8 exists "to [e]liminate prolixity in pleading and to achieve brevity, simplicity, and clarity." *Gordon v. Green*, 602 F.2d 743, 745–46 (5th Cir. 1979) (collecting cases that dismiss "voluminous," "confusing," "foggy," and "disorganized" complaints).

In the Court's previous order, the Court observed that Woods's first amended complaint and accompanying exhibits, totaling 254 pages, were exceedingly difficult to understand.[11] Among other issues, the complaint was repetitive, used undefined idiosyncratic phrases, presented the facts in a non-linear order, and referenced individuals and events without explaining their contextual background. Further, interspersed throughout the pleadings were various documents—such as emails, disciplinary records, photographs, and workplace policy statements—presented in a seemingly random sequence and typically without explanation as to their relevance.

---

[10] The Rule 8 pleading standard does not apply, however, when the plaintiff specifically alleges fraud in his complaint; in such cases, Rule 9(b) governs. It does not appear that plaintiff is alleging fraud in this action.
[11] R. Doc. No. 20.

5

The Court observed that Woods repeatedly made generalized and conclusory allegations of racism, bigotry, nepotism, sexual harassment, hostile environment, and retaliation against the Board throughout the complaint and exhibits. The Court reminded the plaintiff that conclusory allegations alone are insufficient to state a claim, and that the complaint must be supported by sufficient factual allegations. *Whitley,* 726 F.3d at 638. While the first amended complaint recounted various occurrences in plaintiff's workplace, the alleged facts were presented in such a disjointed and incoherent manner that it would be exceptionally difficult for the defendant to attempt to answer his complaint.

In granting the motion for a more definite statement, the Court instructed Woods to file a second amended complaint addressing the aforementioned issues. However, Woods's second amended complaint is substantially the same as his first amended complaint. "Far from being 'simple, concise, and direct' and simply providing a 'statement of the claim,' [Wood's] allegations are convoluted, rambling, and disjointed, providing no clear statement of a claim." *McZeal*, 2014 WL 3166715, at *7.

"When a party violates [Rule 8], the Court may order parties to file an amended complaint in compliance with the rules, limit pleadings to a certain number of pages, or dismiss the complaint without prejudice . . . . And in the most extreme circumstances—such as the repeated violation of [] prior orders requiring compliance—the Court can order dismissal with prejudice." *Desoto Grp., LLC v. Linetec Servs., LLC*, 339 F.R.D. 249, 251 (S.D. Miss. 2021) (citing *Barnes*, 597 F. App'x

6

at 798–99; *Old Time Enters. V. Int'l Coffee Corp.*, 862 F.2d 1213, 1217 (5th Cir. 1989); *Gordon*, 602 F.2d at 746–47 & n.14); *see also, e.g., Jumonville*, 1995 WL 136507, at *2 (noting that in some instances, including the case at issue, "verbosity or repetition . . . justif[ies] final dismissal" under Rule 8); *McZeal*, 2014 WL 3166715, at *7 (dismissing a "convoluted, rambling, and disjointed" complaint with prejudice); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1217 (4th ed.) (collecting cases and observing that "federal courts are far less charitable [in granting leave to amend] when one or more amended pleadings already have been filed with no measurable increase in clarity").

Although defendant has not invoked Rule 41(b), the Court may raise this rule *sua sponte*. *See, e.g., McZeal*, 2014 WL 3166715, at *2. Some courts have addressed a party's repeated failure to conform its complaint to Rule 8's requirements under Rule 41(b), rather than Rule 12(b)(6). *See, e.g., Barnes*, 597 F. App'x at 800 (affirming dismissal, pursuant to Rule 41(b), for failure to comply with Rule 8); *Jumonville*, 1995 WL 136507, at *3 (same); *McZeal*, 2014 WL 3166715, at *2 (failure to comply with Rule 8 may be addressed through either Rule 12(b)(6) or Rule 41(b)).[12] Such a dismissal "is not for failure to plead facts that, if true, make the defendant's liability at least *plausible*. Rather, it is for [plaintiff's] repeated failure to plead claims and

---

[12] The Sixth Circuit concluded that the correct standard of review was abuse of discretion, rather than the *de novo* standard applied when reviewing Rule 12 dismissals, because choosing the appropriate remedy when a plaintiff repeatedly fails to conform its complaint with the requirements of Rule 8 "involves the specifics of courtroom and docket management and assessing the right amount of patience to have for a particular plaintiff." *Kensu,* 5 F.4th at 650.

allegations with *clarity*, because of which the defendants lacked 'fair notice' of his claims and 'the grounds upon which they rest.'" *Kensu v. Corizon*, Inc., 5 F.4th 646, 650 (6th Cir. 2021) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)) (emphasis in original). Accordingly, the Court will conduct its analysis pursuant to Rule 41(b).

The Court has twice granted plaintiff the opportunity to amend his complaint. Plaintiff's amended complaints have not resolved any of the issues that the Court, and the defendant, have identified. "This defective amended complaint . . . filed after a motion for more definite statement . . . is essentially incomprehensible" and the "district court and opposing parties are not required to forever sift through such pleadings after the plaintiff has been given notice of the pleading requirements of his case." *Old Time Enters.*, 862 F.2d at 1219; *see also, e.g.*, *Kensu*, 5 F.4th at 651 (under Rule 8, "[t]he district court and defendants should not have to fish a gold coin from a bucket of mud to identify the allegations really at issue" (quotation omitted)). Because plaintiff has demonstrated that he is unwilling or unable to conform with the requirements of Rule 8, "the continued imposition of additional lesser sanctions would not serve the best interests of justice." *Barnes*, 597 F. App'x at 799 (citing *Bryson v. United States*, 553 F.3d 402, 404 (5th Cir. 2008); *Rogers v. Kroger Co.,* 669 F.2d 317, 321–22 (5th Cir. 1982)).

## IV. CONCLUSION

In sum, the Court dismisses the second amended complaint pursuant to Rule 12(b)(6) for failure to state a claim or, alternatively, under Rule 41(b) for failure to comply with Rule 8. Accordingly,

**IT IS ORDERED** that the motion to dismiss is **GRANTED** without opposition and the action is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, July 1, 2022.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**